## Beglin *v.* Balazick, Appellant.

496

Argued April 10, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

W. *Robert Thompson*, with him *Thompson and Baily*, for appellant.

R. *Wallace Maxwell*, for appellees.

OPINION BY WOODSIDE, J., June 15, 1961:

This is an action to quiet title to a triangular tract of land composed primarily of an old State highway. See Pa. Rules of Civil Procedure 1061-1066.

Helen Balazick has title to a lot in Jefferson Township, Greene County, with a frontage of 120 feet and a depth of 180 feet on which is erected a hotel. When she purchased it on July 13, 1943, it fronted on a road known as Legislative Route No. 30051. Plans for relocating the road had been signed by the Governor November 17, 1942. Thereafter, the Commonwealth constructed an improved highway according to the above

plan. After the new road was constructed, the Secretary of Highways, with the approval of the Governor, declared the old road vacated.

The new and old roads separate about 100 feet north of the hotel property and merge again about 200 feet south of it. At no place are the two roads more than approximately 50 feet apart. The new road is 50 feet to 75 feet from the front of the Balazick property. The only access to the new road from the Balazick property is over the old road. The highway department plans for the construction of the new road show that a ramp was to be constructed directly in front of the Balazick property providing access to the new highway. It was never constructed, and a six or seven foot embankment makes access to the new highway impossible at any place directly in front of the Balazick property.

After the construction of the new highway and the action of the secretary on the abandonment of the old highway in 1946, Mrs. Balazick and numerous people who came to her premises continued to use the old highway to get to and from her property. In 1957, Blair T. Beglin and Margaret Beglin, his wife, plaintiffs in this action, placed fence posts across the road. Balazick tore them down.

The Beglins then brought this action to quiet title to a triangular tract of approximately one-tenth of an acre composed largely of the old road in front of the Balazick and adjoining properties. The Beglins purchased the land from the Emerald Land Company for $125 on April 19, 1957. The Beglin triangular tract starts at the north corner of the Balazick lot and the old road. From there its border line passes through the old road in a northerly direction for 100 feet to the right of way of the new road; then along the edge of the new road in a southeasterly direction 252 feet (which extends for the entire distance that the Balazick property faces it) ; thence 164 feet in a northwest-

erly direction back to the northern corner of the Balazick lot. Most of the tract is composed of the old road. If Balazick is denied the right to use this part of the old road, entrance to part of her premises is impossible, and if the owner of the premises to the south were to assume a position similar to the plaintiffs, her premises would be completely surrounded without any access to the new highway.

The plaintiffs contend that the title to the land occupied by the old road within the triangle reverted to the Emerald Land Company because it was abandoned by the Secretary of Highways as a public highway, and that the company having conveyed its interest in the tract to them, they have good title.

The court below agreed, and Helen Balazick appealed, contending the road was not abandoned.

The legal procedure to abandon a highway has varied depending upon the statute under which the action was taken. The action of the Secretary of Highways, which the plaintiffs contend resulted in the vacation of the old road along the Balazick premises, was taken in January 1946, and was subject to the State Highway Law of June 1, 1945, P. L. 1242, which provides in §210 as follows: "The secretary is hereby empowered to change, alter, or establish the width, lines, location, or grades of any State highway or any intersecting road in such manner as, in his discretion, may seem best, . . . Where the new route, in the judgment of the secretary, supplies and takes the place of any part of the old highway, and such part is of a length of not more than two miles, the secretary, being of the opinion that such part is unnecessary for public use and travel, or burdensome or dangerous, and, *having due regard for the convenience of access to the new highway by the owners of property abutting on such part,* may, at any time, by written order, declare such part to be vacated. *Thereafter the part so vacated shall be*

*closed to public use and travel, and shall no longer be a public road.* Before any change or order of vacation is made, the secretary shall first submit a plan of the proposed change and any proposed order of vacation to the Governor; and the same shall be approved by him, and filed as a public record in the office of the department . . ." (Emphasis supplied)

We agree with the court below that the secretary had authority vested in him generally to vacate roads of the type here involved, that in 1946 he was not required to file a copy of the vacating order in the office of the Recorder of Deeds of the county in which the road was located (as he has been since the Act of June 20, 1947, P. L. 677); that the statute did not require notice to abutting property owners, and that the fact the road terminated in the Borough of Clarksville would have no bearing on the question to be here decided since there was no attempt to vacate any portion of the highway within the borough. (See The Borough Code of July 10, 1947, P. L. 1621, 1758, §46, amending §1620 and §1621 of The General Borough Act of May 4, 1927, 53 P.S. §§46620, 46621, and *Turkey Run Fuels, Inc. Appeal,* 173 Pa. Superior Ct. 76, 95 A. 2d 370 (1953), relied upon by appellant.)

However, we are of the opinion that the secretary never abandoned the particular part of the old road here involved.

Ordinarily, a written order made by the Secretary of Highways declaring the old part of a relocated highway vacated, approved by the Governor and filed as a public record in the office of the Department of Highways (under the Act of 1945 prior to the amendment of 1947) would constitute a vacating of the road described in the order, and such order could not be collaterally attacked. However, in this unusual case the appellant has a number of facts operating strongly in her favor.

Before the secretary had authority to abandon the old road, he was compelled by the legislature to give "due regard for the convenience of access to the new highway by the owners of property abutting" on the old highway. Here there was no consideration of "convenience of access" to the new highway by Balazick. Vacating the road left *no* access. Thus, under the facts of this case, the secretary could have given *no* regard to the convenience of access by Balazick. This constituted an evident abuse of discretion by the secretary. Furthermore, the secretary was acting upon a plan of relocation which showed a ramp from the new road in front of the Balazick property. The ramp (which was over the triangular lot now claimed by the plaintiffs) was never constructed. Instead the old road was *not* actually "closed to public use and travel," as provided in the above quoted statutory provision, but it has been used and travelled up to the present time without question except by the plaintiffs. Furthermore, the record indicates that all of the owners of property adjoining the old road received notice of the vacating of the old road except Helen Balazick.

No one of these circumstances may warrant a holding in this proceeding that the part of the old road connecting the Balazick premises with the new road was not properly vacated, but together, they justify such holding. She had no notice of the vacating of the old road. Even were it legally vacated, it was not in fact vacated. The secretary did not give due regard for the convenience of access to the new highway when he provided for no access whatever. We are of the opinion that the plaintiffs do not have a title to the old road which permits them to deny others the use of it.

Order reversed.

MONTGOMERY, J., would affirm on the opinion of Judge HOOK for the court below.